IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEREMIAH LEE PETTIWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-165-WHA-KFP |
| | ) | |
| LARRY NIXON, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Jeremiah Pettiway filed this 42 U.S.C. § 1983 action on February 24, 2021. The Court's Order of Procedure directed Plaintiff to inform the Court immediately of any address change and advised that a failure to do so within ten days following a change of address would result in dismissal. Doc. 4 ¶ 8. The Order also informed Plaintiff that he must "diligently prosecute this action or face the possibility of dismissal for failure to prosecute. *Id*.

Plaintiff complied with this Order twice when his address changed. *See* Docs. 6, 17. However, on September 17, 2021, the Court's Order of September 10, 2021 (Doc. 21), was returned as undeliverable because Plaintiff was no longer at the last address he provided.[1] The Court entered an Order (Doc. 22) requiring Plaintiff to file a current address and show cause why this case should not be dismissed for failure to prosecute, but Plaintiff's copy

---

[1] The last service address provided by Plaintiff was the Autauga Metro Jail in Prattville, Alabama. *See* Doc. 17.

of this Order was also returned as undeliverable. Therefore, the Court concludes that this case should be dismissed.

The undersigned has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). However, Plaintiff has failed to comply with the Order requiring him to notify the Court within ten days of any address change, this case cannot proceed in his absence, and it appears that he is no longer interested in prosecuting this case. Further, additional efforts to secure Plaintiff's compliance would be unavailing and a waste of the Court's scarce resources. Consequently, the undersigned concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that generally dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (recognizing that a "district court possesses the inherent power to police its docket" and that sanctions imposed on "dilatory litigants . . . can range from a simple reprimand to an order dismissing the action with or without prejudice").

For these reasons, the Magistrate Judge RECOMMENDS that this case be dismissed without prejudice for Plaintiff's failure to comply with court orders and prosecute this case.

It is further ORDERED that by **October 19, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of October, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE